(108 So. 303)

No. 25618.

## LAWRENCE v. L. L. DAVIDSON LUMBER & VENEER CO., Inc.

(Feb. 1, 1926. Rehearing Denied May 3, 1926.)

*(Syllabus by Editorial Staff.)*

1. **Contracts** ⬤⇒238(1)—**Advancements by defendant, on plaintiff being unable to carry out obligations under contract to furnish logs, held to constitute modification, if not abrogation, of written contract.**

Where plaintiff contracted to deliver logs to defendant but was unable to carry out his obligations, transactions whereby defendant advanced money for purchase of timber, and later put plaintiff to cutting and hauling timber owned by defendant, *held* to constitute a modification, if not an abrogation, of written contract.

2. **Contracts** ⬤⇒246—**Defendant held within his rights in ordering plaintiff to cease work in cutting his timber, where contract to furnish logs had been modified.**

Where contract to furnish logs to defendant had been modified and plaintiff put on job of cutting and hauling defendant's timber, defendant was within his rights in ordering plaintiff to cease work because of oversupply of logs.

3. **Contracts** ⬤⇒246—**After modification of contract to furnish logs, plaintiff held entitled to no damages for alleged breach of contract on refusal to haul timber as directed by defendant.**

Where plaintiff was unable to carry out contract to furnish logs, necessitating advancements by defendant and putting of plaintiff to hauling defendant's timber, plaintiff was entitled to no damages for alleged breach of contract after his refusal, without cause, to haul timber as directed by defendant.

Appeal from Eighth Judicial District Court, Parish of Catahoula; Stephen R. Holstein, Judge.

Suit by R. W. Lawrence against the L. L. Davidson Lumber & Veneer Company, Inc. Judgment for plaintiff. Defendant appealed, and plaintiff answered appeal. Judgment set aside, and judgment for defendant ordered.

R. R. Reeves, of Harrisonburg, for appellant.

G. P. Bullis, of Vidalia, for appellee.

ROGERS, J. Plaintiff brought this suit to recover $6,954.34 as damages for an alleged breach of contract. The court below gave him judgment for $2,000, and defendant appealed. Plaintiff has filed an answer to the appeal in which he asks to be awarded the full amount of his claim.

The contract between the parties was in writing, and under its terms plaintiff agreed to furnish logs to the defendant company, "kinds and quality to be agreed upon, delivered on the river bank accessible for a derrick boat to load @ $15.00 per M. ft. Logs to be paid for on the 15th and 30th of each month." The contract was to remain in force for six months, with privilege of renewal if agreeable to both parties.

[1-3] The judge a quo has not given any written reasons nor furnished any figures for his judgment. No items of plaintiff's demand, either singly or together, make up the amount awarded by the court below. For our own part, as we appreciate the evidence, it fails to show any merit whatever in plaintiff's claim. It developed, as soon as the contract was signed, that plaintiff was incapable of carrying out his obligations thereunder. He was unable to deliver the Freemont Scott timber, which he had a right to cut, because he had no money to pay for it, so that it became necessary for defendant to pay the owner the stumpage price of $3.50 per thousand feet. Defendant then settled with plaintiff on the basis of $11.50 per thousand feet for cutting and hauling the timber. It only required a few days to dispose of this timber, and plaintiff, having informed the manager of the defendant company that he had no timber to cut, was given the job of cutting and hauling what was known as the "Bairns-

father timber," which was owned by the defendant. For this work plaintiff was paid $11.50 per thousand feet, which did not include the stumpage. These transactions clearly constituted a modification, if not the abrogation, of the written contract. After plaintiff had been engaged for about two months on the Bairnsfather job, defendant, because of the number of logs on the bank of the river, which it desired to saw into lumber before securing more, ordered the plaintiff to cease work. Under the relations then existing between the parties, we think defendant was within its rights in taking this action. Defendant, however, had made arrangements to use its teams in hauling the Live Oak, or Wilds timber for the Lorimer Lumber Company. In accordance with this arrangement, plaintiff was asked to place his teams in the work, but he declined to do so, after he went up and looked over the "haul." It is not clear, from the evidence, why plaintiff refused to engage in the undertaking, since the "Live Oak haul" was as good as the "Bairnsfather haul," and his remuneration would have been greater for hauling this timber than he had received for the Bairnsfather timber. After his refusal of this employment, plaintiff never offered to furnish or haul any other logs to the defendant company.

We do not take any stock in plaintiff's alleged purchase from Fred. David and Evans Dorsey of oak and gum timber to the amount of 300,000 feet. Plaintiff did not produce any deeds as evidence of the transactions, nor did he place either of the alleged vendors on the stand to substantiate his statement. As he was entirely without funds, we are unable to perceive how he was in a position to make any such purchase.

For the reasons assigned, the judgment appealed from is set aside, and it is now ordered that there be, and there is hereby, judgment in favor of defendant, dismissing plaintiff's suit at his cost.